# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(D) | **FILED UNDER SEAL** <br><br> Case No. 5:22-MJ-5300 |

## APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Meta Platforms, Inc., ("Meta Platforms"), the parent company for Facebook and Instagram and a social-networking company headquartered in Menlo Park, California, to disclose certain records and other information pertaining to Meta Platforms, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.　　Meta Platforms, Inc., through its Facebook platform, is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Meta Platforms to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States has on ongoing criminal investigation of possible violations of crimes including 18 U.S.C. § 2314, interstate transportation of stolen property.

5. The FBI's investigation involves the user of Meta Platforms, Facebook account ID 1527195497 (hereinafter, the "Subject Account"). Based on subscriber information obtained from Meta Platforms, the FBI believes that the user of this account is an individual residing in Indiana.

6. The FBI's investigation relates to the resale of bourbon stolen from a shipment between Buffalo Trace Distillery in Frankfort, Kentucky and a whiskey broker

in Cicero, Illinois on or about November 23, 2021. A private investigator hired by the owner of the distillery obtained and provided to the FBI screenshots depicting certain content within the Subject Account; specifically, posted photographs and comments related to the resale of high value bourbon. The FBI's review of some of these photographs has identified depictions of Buffalo Trace Distillery shipping boxes with visible labels bearing lot numbers. The FBI's investigation has correlated these lot numbers with bourbon bottles shipped to the same whiskey broker in Cicero, Illinois on or about November 22, 2021. These bottles were not reported stolen, but bear similarities to the stolen bourbon in source, type, recipient, and temporal proximity.

7. Based on this information, investigators believe the individual's social media communications may identify others involved in or knowledgeable about the theft, transportation, and/or resale of bourbon stolen from shipments from Buffalo Trace Distillery. Investigators believe that communications relating to the offenses under investigation could have been made over the Meta Platforms account listed in Attachment A.

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, to determine the nature and scope of their activities, and identify other methods of communications utilized by the user of the Meta Platforms accounts described in Part I of Attachment A.

Accordingly, the United States requests that Meta Platforms be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Meta Platforms not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

                        Respectfully submitted,

                        CARLTON S. SHIER, IV
                        UNITED STATES ATTORNEY

By:   s/ Andy Boone
       Andrew T. Boone
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       (859) 685-4841
       FAX (859) 233-2747
       andrew.boone2@usdoj.gov